**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**GLENN W. TURNER ENTERPRISES, INC., a Florida Corporation,**
Defendant.

**No. 77–67–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

March 15, 1978.

Margery W. Smith, Acting Director, Bureau of Consumer Protection, Richard C. Foster, Asst. Director for Marketing Practices, Quentin P. McColgin, Atty., Federal Trade Commission, Washington, D. C., for plaintiff.

Philip Tatich of Nichols & Tatich, P. A., Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION

REED, District Judge.

The defendant filed a Motion to Dismiss on 23 March 1977. The primary grounds urged in support of the motion are: (1) the action was not commenced within the period provided by the statute of limitations; (2) consumer redress authorized by Section 206(a) of the Federal Trade Commission Improvement Act extends only to injury from conduct which follows and is violative of a final cease and desist order; and (3) consumer redress cannot be had under the Act for conduct antedating the Act. Hereafter references to Section 206(a) of the Federal Trade Commission Improvement Act will be to Section 19 and the subsections thereof which were added to the Federal Trade Commission Act by Section 206(a).

With regard to the statute of limitations issue, its resolution turns on when service of the cease and desist order was effected. This question depends on various facts, such as how the service was made, when and where it was made, and whether or not the place where the order was served was the residence of an executive officer of the defendant or the principal place of business of the defendant. The legal aspects of the issue will be governed by Commission Rule 4.4 as it existed at the time the cease and desist order was issued. Because the statute of limitations problem involves issues of fact, it is not appropriate for decision on the basis of the motion to dismiss. The defendant may plead the statute of limitations as an affirmative defense on which it will have the burden of proof.

The facts which control the issue may conceivably be stipulated by the parties. If the parties are not able to stipulate, it would appear appropriate for the court to hold an evidentiary hearing and decide the statute of limitations issue prior to the trial on the merits. The parties, therefore, will advise the court in writing within twenty days from the date of this decision whether or not they are able to stipulate to all pertinent facts relating to the issue. If not, the parties will advise the court within the same period the length of time which they expect will be required to try the statute of limitations defense.

The second ground argued in support of the motion is that consumer redress may be had by the Commission under Section 19(a)(2) only for a deceptive act or practice committed after the entry of a final cease and desist order. Section 19(a)(2) provides:

"If any . . . corporation *engages* in any unfair or deceptive act or practice . . . with respect to which the Commission *has issued* a final cease and desist order which is applicable to such . . corporation, then the Commission may commence a civil action against such . . corporation . . ." (Emphasis added).

Literally read, the quoted language supports defendant's conclusion. The structure of Section 19(d), however, suggests that Congress intended the redress to cover not only the deceptive acts and practices which preceded the cease and desist order and became its specific subject, but also similar acts and practices which followed and were

in violation of it. As to the latter class, Section 19(d) appears to provide a three-year period of limitations. As to the former, the period of limitations would commence to run upon the finality of the cease and desist order and would extend for a period of one year thereafter.

The defendant's construction of Section 19(a)(2) would produce an anomaly in the operation of Section 19(d). If the defendant is correct, no consumer redress would be available under Section 19(a)(2) for a deceptive or unfair act or practice, if its perpetrator simply refrains from similar conduct for one year after finality of the cease and desist order. Thereafter the perpetrator could resume the same conduct with complete immunity from a section 19(a)(2) claim.

Furthermore, the defendant's construction of Section 19(a)(2) would create a conflict with Section 19(b) which provides:

"The court in an action under subsection (a) of this section shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers . . . resulting from . . . *the unfair or deceptive act or practice . .* " (Emphasis added).

The quoted language refers back to the act or practice described in Section 19(a)(2) which is the specific act or practice "with respect to which the Commission has issued a final cease and desist order . . . .".

While statutes are normally to be construed literally, such a construction is not warranted where it creates a conflict within the statute or a patently unreasonable result. For this reason, the court construes Section 19(a)(2) as authorizing consumer redress for the act or practice which was the specific subject of the cease and desist order, even though the act or practice may not have been repeated or continued in violation of the order.

The final ground urged by the defendant which requires discussion is whether or not consumer redress may be allowed for conduct which occurred before the passage of Section 19. This contention is resolved by Section 206(b) of the Federal Trade Commission Improvement Act. Section 206(b) provides that consumer redress may be sought under Section 19(a)(2), if the cease and desist order is entered after 4 January 1975 and the person against whom the order issued was notified in the complaint or in the notice or order attached thereto that "consumer redress may be sought".

Paragraph 4 of the complaint filed herein adequately alleges that the notice required by Section 206(b) was given in the preamble to the notice order attached to the administrative complaint. The allegations in paragraph 4 are sufficient as a matter of pleading to bring the cause within Section 206(b).

For the foregoing reasons, the motion to dismiss will be denied.